UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEATRICAL STAGE EMPLOYEES UNION LOCAL TWO, THOMAS J. CLEARY, as Trustee for STAGEHANDS LOCAL 2 PENSION FUND, STAGEHANDS LOCAL 2 HEALTH AND WELFARE FUND, STAGEHANDS LOCAL 2 ANNUITY FUND, and STAGEHANDS LOCAL 2 JOURNEYMEN & APPRENTICE TRAINING FUND,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CENTER LINE STUDIOS, INC., a New York corporation,<br><br>　　　　　　　　Defendant. | Case No.: 14 – cv- 10271 |

# COMPLAINT

### JURISDICTION AND VENUE

1. This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), for breach of contract and the collection of delinquent employer contributions.

2. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1337, Section 301(c) of the LMRA, 29 U.S.C. § 185(c), and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The Court has personal jurisdiction over Defendants, as the instant action arises out of Defendants' transaction of business in Illinois and employment of individuals in Illinois.

4. Venue in this judicial district is proper pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b) and (c), as the breach of contract took place in this judicial district, the Funds are administered in this judicial district, and the work for which Plaintiffs claim contributions and wages are owed was performed in this judicial district.

**PARTIES**

5. Plaintiff Theatrical Stage Employees Union Local 2, an affiliate of the International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories and Canada, AFL-CIO, CLC ("Union") is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a); 29 U.S.C. § 152(5).

6. Plaintiffs Stagehands Local 2 Pension Fund ("Pension Fund"), Stagehands Local 2 Health and Welfare Fund ("Health & Welfare Fund"), Stagehands Local 2 Annuity Fund ("Annuity Fund"), and Stagehands Local 2 Journeyman & Apprentice Training Fund ("JATF") (collectively, the "Funds") are employee benefit plans within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002(3).

7. Plaintiff Thomas J. Cleary ("Cleary") is a Trustee and a fiduciary of the Funds as that term is defined in ERISA. Cleary is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

8. Defendant Center Line Studios, Inc. ("Center Line") is and at all times since at least April 2, 1987, has been a New York corporation. At all material times, Center Line has been engaged in business in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

9. Center Line is and at all times since at least November 4, 2014, has been an "employer" as that term is defined in Section 2(2) of the LMRA, 29 U.S.C. § 152(2), and Section 3(5) of ERISA, 29 U.S.C. §§ 1002(5), and a "party-in-interest" as that term is defined in Section 3(14)(C) of ERISA, 29 U.S.C. § 1002(14)(C).

### GENERAL ALLEGATIONS

10. Center Line, by a duly authorized representative, signed a collective bargaining agreement ("CBA") with the Union, effective January 1, 2010 through December 31, 2014, pursuant to which it agreed to pay employees covered by the CBA at specific rates of pay for work covered by the CBA and to participate in and make specified contributions to the Funds for work covered by the CBA. The CBA is incorporated herein by reference and attached hereto as Exhibit A.

11. The Funds are third-party beneficiaries of the CBA. The CBA and the trust agreements creating the Funds ("Trust Agreements") require Center Line to pay contributions to the Funds for work covered by the CBA.

12. The Union operates a referral hall through which, upon request by a signatory employer, it refers participants for consideration for employment.

13. Pursuant to such a request, the Union referred employees for consideration for employment with Center Line to work at an event that Center Line staged at Oak Brook Mall in Oak Brook, Illinois from at least November 4, 2014 through December 10, 2014 ("Event"). Center Line hired employees referred by the Union and such employees performed work for Center Line on all or some of the days during the period of at least November 4, 2014 through December 10, 2014. All work performed at the Event by employees referred by the Union was covered by the CBA.

14. Center Line hired employees referred by the Union ("Employees"), and these Employees performed work for Center Line during the Event on all or some of the days during the period of at least November 4, 2014 through December 10, 2014.

15. Center Line has failed and refused to pay any wages to the Employees for work performed at the Event while in Center Line's employ from at least November 4, 2014 through December 10, 2014.

16. Center Line has failed and refused to contribute to the Funds for the work performed by the Employees during the Event in Center Line's employ from at least November 4, 2014 through December 10, 2014.

17. Center Line owes wages to all employees in the principal amount of $143,286.11 for the work they performed at the Event during the period from at least November 4, 2014 through December 10, 2014.

18. Center Line owes contributions to the Pension Fund in the principal amount of $22,925.82, to the Health & Welfare Fund in the principal amount of $15,761.46, to the Annuity Fund in the principal amount of $7,164.32, and to the JATF in the principal amount of $2,865.73.

## COUNT I – AGAINST CENTER LINE FOR
## BREACH OF CONTRACT AND DELINQUENT CONTRIBUTIONS

19. Plaintiffs restate paragraphs 1 – 19 as though fully set forth herein.

20. By its failure to pay wages to employees referred by the Union and to remit required contributions to the Funds, Center Line has violated the terms of the CBA, the Trust Agreements, and the terms of ERISA.

4

21. Center Line is liable for the unpaid wages under the CBA and, pursuant to the Trust Agreements and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, liable for the delinquent contributions, interest on the delinquent contributions, liquidated damages in the amount of the greater of interest or 20% of the delinquent contributions, and the Funds' attorneys' fees and costs in pursuing this action.

**WHEREFORE,** Plaintiff requests this Court to enter judgment for Plaintiffs and against Defendant, and requests the following relief:

A. an order requiring Center Line to pay:

   (i) all wages owed to employees for work performed for Center Line, in conjunction with the Event, from at least November 4, 2014 through December 10, 2014;

   (ii) all delinquent contributions owed to the Funds for the work performed from at least November 4, 2014 through December 10, 2014;

   (iii) interest to the Funds on the delinquent contributions;

   (iv) liquidated damages to the Funds equivalent to the greater of interest on the delinquent contributions or 20% of the delinquent contributions as provided by the Funds' Trust Agreements and ERISA, 29 U.S.C. §§ 1132(g)(2)(C); and

   (v) the Funds' attorneys' fees and costs in connection with this action.

B. that the Court retain jurisdiction of this cause pending compliance with its orders; and

C. such further or different relief as this Court may deem proper and just.

Respectfully submitted,

THEATRICAL STAGE EMPLOYEES UNION
LOCAL 2, THOMAS J. CLEARY, as Trustee,


<u>/s/ William W. Leathem</u>
William W. Leathem
*One of Plaintiffs' attorneys*
Jacobs Burns Orlove & Hernandez
150 N. Michigan Ave., Suite 1000
Chicago, Illinois 60601
(T) (312) 372-1646
(F) (312) 580-7175
wleathem@jbosh.com